UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VIRGIE RAY

CIVIL ACTION

VERSUS

NUMBER 14-631-SCR

STAGE STORES, INC., ET AL

## RULING ON MOTION FOR SUMMARY JUDGMENT

Before the court is defendants Specialty Retailers, Inc. and Stage Stores, Inc.'s Motion for Summary Judgment.[1] Record document number 20. The motion is opposed.[2]

Based on a review of the summary judgment evidence and the parties' arguments, the defendants have shown that there is no genuine dispute for trial on two of the essential elements of the plaintiff's claim under LSA-R.S. 9:2800.6. Summary judgment for the defendants will be granted.

**Background**

Plaintiff Virgie Ray filed a Petition for Damages in state court to recover for injuries and damages she sustained as a result

---

[1] Defendant Specialty Retailers, Inc. stated that it was incorrectly identified, named and/or referred to as Stage Stores, Inc. in the Petition for Damages. Record document number 8, Answer to Petition for Damages. Defendant Stage Stores, Inc. also alleged stated that it was incorrectly sued, identified and named as a defendant. *Id.* Defendants did not assert these discrepancies as a basis for summary judgment.

[2] Record document number 38. Defendants filed a reply memorandum. Record document number 42. Plaintiff filed a surreply memorandum. Record document number 46.

of a trip and fall that occurred on November 1, 2013 at the Stage store in Plaquemine, Louisiana.  Plaintiff alleged that on that date she tripped over a rolling freight clothing rack[3] located behind the cashier that had been merged into a standard clothing rack.  Plaintiff alleged that this condition on the premises was created by the defendants, presented an unreasonable risk of harm, and caused her to fall to the floor and sustain serious injuries to her knees, face, shoulder, neck and right eye.  Plaintiff claimed damages for past, present and future physical and mental pain and suffering, medical expenses, loss of enjoyment of life, disfigurement and disability.  The case was removed to this court based on diversity jurisdiction under 28 U.S.C. § 1332.

Defendants moved for summary judgment.  Defendants argued that summary judgment is warranted because there is no evidence to support the first and third elements of the plaintiff's claim under the Louisiana law governing a merchant's duty to persons who use its premises – LSA-R.S. 9:2800.6.  According to the defendants, the undisputed evidence shows that the clothing rack and its exposed feet were open and obvious conditions.  Therefore, defendants argued, the presence of the rack did not create an unreasonable risk of harm, and its employees had no duty to warn the plaintiff of its presence or location.

---

[3] This rack is hereafter referred to in this ruling as the "clothing rack," or the "rack."

In support of the motion the defendants relied on the Petition for Damages, the plaintiff's discovery responses, excerpts from the plaintiff's deposition, a sketch done by the plaintiff at her deposition, the surveillance video recording from the date/time of the incident which depicts the plaintiff's accident, a picture from the video, and the affidavit of Jennifer Vu Barrera, who was the claims and safety coordinator at the time of the incident.[4] Defendants submitted with their reply memorandum the answer to plaintiff's Interrogatory Number 14, an excerpt from the deposition of employee Mary Lou Jenkins with attached photographs, and an excerpt from the deposition of employee Tanita Anderson.[5] Defendants also provided a Statement of Material Facts Not at Issue.[6]

**Summary Judgment Standard and Applicable Law**

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986). If

---

[4] Record document numbers 20-2 through 20-6, Exhibits A through D-1. Plaintiff also relied on the video. Record document numbers 21, 23, 40 and 41.

[5] Record document numbers 42-1 through 42-3, Exhibits E, F and G.

[6] Record document number 28.

the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The court may not make credibility findings, weigh the evidence or resolve factual disputes. *Id.; International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992).

The substantive law dictates which facts are material. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). The Louisiana statute applicable to the plaintiff's claim is LSA-R.S. 9:2800.6, which sets forth a merchant's duty to persons who use its premises and the plaintiff's burden of proof in claims against merchants. The statute provides in pertinent part as follows:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages

as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

Thus, Louisiana law requires merchants to exercise reasonable care to protect those who enter the store, keep the premises safe from unreasonable risks of harm and warn persons of known dangers. *Guerrero v. Brookshire Grocery Co.*, 49,707, (La.App. 2d Cir. 4/29/15), 165 So.3d 1092, 1096-97. It is the plaintiff's burden to prove each element of a cause of action under the statute. *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997).

Louisiana courts have recognized that the mere presence of

obstacles in a store does not create an unreasonable risk of harm when the condition is open and obvious. *Rodriguez v. Dolgencorp, LLC,* 2014-1725 (La. 11/14/14), 152 So.3d 871 (per curiam); *Russell v. Morgan's Bestway of Louisiana, LLC*, 47,914 (La. App. 2d Cir. 4/10/13), 113 So.3d 448, 453; *Watts v. Scottsdale Insurance Company,* 45,397 (La.App. 2d Cir. 6/30/10), 43 So.3d 269, 270.

**Analysis**

The competent summary judgment evidence establishes that the following relevant facts are undisputed. On the date of the incident the plaintiff was shopping for clothes at the Stage store where she had shopped about once a month for years before the accident. Plaintiff asked Jenkins, a sales associate, to help her find a blouse to match some pants.[7] When the plaintiff spoke to Jenkins, the plaintiff was standing adjacent to the end of the clothing rack. The clothes on the rack were not so long that they covered or obscured the bottom of the rack. Jenkins headed to another area, walking between the clothing rack and the cashier who was at a counter waiting on a customer. Immediately after Jenkins began to walk past the rack and behind the clerk, the plaintiff followed Jenkins. Plaintiff turned to her right and walked forward. After taking a couple of steps her right shoulder went into the clothes on the rack, a step with her left foot placed it

---

[7] Record document number 20-4, Exhibit C, plaintiff's deposition, pp. 43-44, 47.

6

adjacent to the bottom of the rack, and then the next step with her right foot caught the bottom bar of the rack and she fell to the floor.[8]

Based on the plaintiff's testimony and the video evidence showing where the plaintiff was standing just before she started to follow Jenkins, it is undisputed that the plaintiff was aware of and saw the clothing rack before she tripped and fell. Although the plaintiff testified at her deposition that she could not see the bottom part of the rack before her fall, the plaintiff made a binding admission in which she **denied** that immediately before she tripped, she did not see the base or bottom of the clothing rack.[9] The video evidence clearly shows that the bottom of the rack was

---

[8] Record document number 20-6, Exhibit D-1, video recording.

[9] Record document number 20-1, Exhibit C, plaintiff's deposition, pp. 53-54, 69-70, 81-82; record document number 20-3, Exhibit B, p. 35, Plaintiff's Responses to Request for Admission Propounded by Defendant, Specialty Retailers, Inc., response to Request for Admission No. 14. Under Rule 36(b), Fed.R.Civ.P., a matter admitted is conclusively established unless the court upon motion, permits the admission to be withdrawn or amended. Furthermore, a nonmovant cannot create a genuine issue of material fact by contradicting, without explanation, his own earlier statements. *See, McWhirter v. AAA Life Ins. Co.,* 2015 WL 4720323 (5th Cir. August 10, 2015)(per curiam); *Doe ex rel. Doe v. Dallas Ind. School Dist.,* 220 F.3d 380, 386 (5th Cir. 2000); *Thurman v. Sears, Roebuck & Co.,* 952 F.2d 128, 136 n. 23 (5th Cir. 1992), *cert.denied*, 506 U.S. 844, 113 S.Ct. 136 (1992). Therefore, to the extent it contradicts her admission, the plaintiff's deposition testimony cannot create a genuine factual dispute. The admission was made before the plaintiff's deposition was taken. This testimony, which creates an unexplained conflict with her earlier admission, does not preclude summary judgment. It does not create a genuine factual dispute on the question of whether the bottom of the clothing rack was visible to the plaintiff before she fell.

plainly visible and not covered or obscured by the clothes on the rack, any other clothing rack or the employees working in the area. Thus, it is undisputed that just before the plaintiff walked to follow Jenkins, both the clothing rack and its base were seen by the plaintiff. Viewing these undisputed facts in the light most favorable to the plaintiff, no reasonable trier of fact could find that the clothing rack presented an unreasonable risk of harm to the plaintiff that was reasonably foreseeable, or that the employees failed to exercise reasonable care under the circumstances by not warning the plaintiff about the clothing rack.

The evidence and arguments relied on by the plaintiff are insufficient to create a disputed issue of material fact for trial. Plaintiff acknowledged that the video shows the bottom of the clothing rack was visible, but argued that from her vantage point it appeared to be the same type of clothing rack she had previously walked around during her shopping up to that point. Plaintiff, however, cited no evidence to support this assertion.[10] Even accepting her assertion, she did not explain how it creates a disputed factual issue or otherwise supports finding that the rack created an unreasonable risk of harm. Plaintiff also pointed to evidence that the rack had been placed there by Jenkins, who was

---

[10] Record document number 38, Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, p. 5, fn. 19. Plaintiff simply cited the video, but the video does not contain evidence to support the assertion about her vantage point or her conclusion about the type of rack it was.

removing clothes from it to hang on the other racks, and to the parts of the video showing that other employees were aware of the rack and walked around it. Again, this evidence does not contradict the fact that the plaintiff was also aware of the clothing rack in her path. Plaintiff failed to explain how this supports a reasonable inference that the clothing rack presented an unreasonable and foreseeable risk of harm to her, and a risk about which the defendants had the duty to warn.

Next, the plaintiff argued that it is important to note, and the accident video demonstrates, that she never had a chance to look down before she started to follow Jenkins. Neither the video nor the plaintiff's testimony support this argument. Plaintiff testified that she saw the rack and when walking was looking straight ahead.[11] Plaintiff did not testify that she did not have a chance, opportunity or time to look down. During the few seconds before the plaintiff began walking the video shows the plaintiff was looking straight ahead. Nothing on the video supports finding that the plaintiff did not have a chance to look down, or that something prevented the plaintiff from looking down before or as she started walking.

Plaintiff also relied on testimony from Jenkins and Anderson related to the purpose of the clothing rack involved in the

---

[11] Record document number 20-4, Exhibit C, plaintiff's deposition, pp. 68-70.

incident, and the defendants' policy for employees using the rack. Plaintiff argued that from this evidence, and applying a risk-utility balancing test, a reasonable trier of fact could find that the temporary clothing rack presented an unreasonable risk of harm. Plaintiff argued further that the testimony is at least sufficient to create a disputed fact issue as to whether the rack was improperly placed and presented an unreasonable risk of harm.

Plaintiff's arguments are based on speculation rather than the relevant undisputed facts or any persuasive case law. Jenkins testified the rack was a temporary rolling clothing rack. It was used by her and other employees to bring merchandise from the warehouse into the store to stock the permanent racks. Jenkins stated that the rack was not permanent and had orange stickers on it. Therefore, even if it remained in one place for a certain period of time there was no store requirement to put up a notice. After the plaintiff fell, Jenkins moved the rack to the side so the emergency personnel could get to the plaintiff. When asked why the rack was not placed at that location initially, Jenkins testified that she could not have "worked" the rack from the place where she moved it.[12] According to Anderson's testimony, the rolling racks

---

[12] Record document number 42-2, Exhibit F, Jenkins' deposition, pp. 23-25, 29-31, 33-34, 41-42, 45-46, 52-53. There is no evidence of any similar customer trip and fall accident involving a clothing rack at the Stage store in Plaquemine. Defendants' discovery responses and Barrera's affidavit confirm the absence of such evidence. Record document number 20-5, Exhibit D, Barrera's
(continued...)

10

are used daily, and the manager's policy is to transfer the clothes from the rolling racks to the permanent racks as quickly as possible, and then move the rolling racks back to the warehouse when finished.[13]

Plaintiff failed to point to evidence that Jenkins' actions in placing or using the rack were unreasonable and/or not in compliance with the defendants' policy. For example, the plaintiff did not cite to any evidence indicating that the length of time Jenkins used the rack did not comply with store policy or was

---

[12](...continued)
affidavit, ¶ 12; record document number 42-1, Exhibit E, Objections and Answers to Interrogatories and Responses to Requests for Production of Documents, p. 7, Answer to Interrogatory Number 14.

[13] Record document number 42-4, Exhibit G, Anderson's deposition, pp. 22-24. In her memorandum the plaintiff stated that Anderson testified, "We do not leave the mobile rack unattended." Record document number 38, p. 9. This is not an accurate statement of what Anderson said in her deposition. Anderson testified as follows:
    Q Tell me how you -- from the back, once you have a rack ready --
    A Uh-huh
    Q -- what do you do?
    A We roll it out and take it to our assigned department, whatever clothes on it. And we just take the clothes off as quickly as possible and put the clothes out. And when we finish, just roll the rack back to the break room, the warehouse.
    Q And you said do that as quickly as possible. That's the guidelines that you're under?
    A Yes, sir.
    Q Do you leave the rack unattended for any length of -
    A No, sir.
    Q Are there any rules or guidelines that you're aware of that tells you where the rack should be placed at while you're unloading it?
    A No, sir.
Anderson deposition, pp. 23-24.

otherwise unreasonable.  Nor did the plaintiff present any evidence that stopping to help a customer during the stocking process, or placing the rack in a location where she could efficiently transfer the clothes to a permanent rack, was unreasonable or a violation of store policy.  Plaintiff cited no Louisiana case that found an unreasonable risk of harm was created, and the defendant had a duty to warn, when a temporary clothing rack is used for this purpose, in this manner, and in accordance with the same or a similar store policy.

## Conclusion

Plaintiff failed to come forward with evidence sufficient to create a genuine dispute for trial on two of the essential elements of her claim, and the defendants are entitled to summary judgment as a matter of law dismissing the plaintiff's claim under LSA-R.S. 9:2800.6.

Accordingly, the Motion for Summary Judgment filed by defendants, Specialty Retailers, Inc. and Stage Stores, Inc. is granted.  A separate final judgement will be issued.

Baton Rouge, Louisiana, August 12, 2015.

_[signature: Stephen C. Riedlinger]_
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE